UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
                                              :

METROPOLITAN TRANSPORTATION       :
AUTHORITY and NEW YORK CITY TRANSIT  :          14 Civ. 9059 (PAE)
AUTHORITY,                                  :

                        Plaintiffs,     :       OPINION & ORDER

                                  :

              -v-                    :

UNITED STATES FIDELITY &              :
GUARANTY CO., ACE PROPERTY &       :
CASUALTY CO., ACE AMERICAN         :
INSURANCE CO., ARROWOOD INDEMNITY   :
CO., RSUI INDEMNITY CO., and GENERAL   :
STAR INDEMNITY CO.,                :

                                  :

                        Defendants.     :

                                  :
------------------------------------------------------------------------X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 4/14/15

PAUL A. ENGELMAYER, District Judge:

This decision resolves a motion to remand this case to state court. Plaintiffs Metropolitan Transportation Authority ("MTA") and New York City Transit Authority ("NYCTA") originally brought this declaratory judgment action in New York state court, seeking a declaration as to insurance coverage obligations in connection with a personal-injury suit pending in state court. Of the six named defendants, one, General Star Indemnity Company ("General Star"), removed the case to this Court, under 28 U.S.C. §§ 1441 and 1446.

The MTA and the NYCTA now move to remand the case to New York state court, on a variety of grounds. One of those remand grounds, the Court holds, has merit: to wit, that General Star failed to obtain timely written consent to the removal from its co-defendants. The remand motion is, therefore, granted.

I.      **Background**[1]

    A.      **The Underlying Tort Action**

This action arises from a tort suit filed long ago—in April 2002—in New York State Supreme Court.  The suit ("the Dyer Action") was filed by Paula Dyer to recover for injuries she sustained in April 2001 after being struck by a vehicle near a subway station construction site in the Bronx, New York.  *See Paula Dyer v. City of New York*, Index. No. 14593/2001 (N.Y. Sup. Ct. 2001).  Dyer sued two construction companies, Steers Construction Corporation ("Steers") and L.A. Wenger Contracting Company ("Wenger"), and the two municipal authorities, MTA and the NYCTA, who are the plaintiffs here.  Dyer alleged that a construction barrier at the site of the accident had caused the accident by obstructing the line of sight between oncoming vehicular traffic proceeding westbound on 161st Street in the Bronx (where the accident took place) and pedestrians crossing 161st Street in the southbound direction.  On October 15, 2014, the Dyer Action settled during trial.

    B.      **This Lawsuit**

---

[1] The facts recited herein are drawn from the Verified Complaint, Dkt. 1, Ex. A ("Compl."), and Amended Verified Complaint, Dkt.1, Ex. A ("Am. Compl.").  In resolving this motion, the Court treats all facts alleged therein as true.  *See Fed. Ins. Co. v. Tyco Int'l Ltd.*, 422 F. Supp. 2d 357, 391 (S.D.N.Y. 2006) ("When considering a motion to remand, the district court accepts as true all relevant allegations contained in the complaint and construes all factual ambiguities in favor of the plaintiff." (citations omitted)).  In addition, for purposes of determining the validity of General Star's removal, the Court also considered the declarations attached to its notice of removal, Dkt. 1, the Declaration of Marcia K. Raicus in support of plaintiffs' motion to remand, Dkt. 23 ("Raicus Decl."), and the Declarations of Debra Huerter, Dkt. 31 ("Huerter Decl."), and Vincent J. Proto, Dkt. 32 ("Proto Decl."), in opposition to that motion.  *See Arseneault v. Congoleum*, No. 01 Civ. 10657 (LMM), 2002 WL 472256, at *6 (S.D.N.Y. Mar. 26, 2002), *reconsideration denied*, 2002 WL 531006 (S.D.N.Y. Apr. 8, 2002) ("The Second Circuit . . . has said that, on jurisdictional issues, 'federal courts may look outside [the] pleadings to other evidence in the record,'" and therefore the court will consider "material outside of the pleadings" submitted on a motion to remand. (citation omitted)).  Except where specifically referenced, no further citation to these documents will be made.

On September 24, 2014, before the Dyer Action settled, the MTA and the NYCTA brought this insurance coverage suit by filing a Verified Complaint in New York State Supreme Court (Bronx County).  The suit, as originally filed, was brought against five insurance companies: defendants United States Fidelity and Guaranty Company ("USF&G"), Ace Property and Casualty Insurance Company and Ace American Insurance Company (collectively, the "Ace defendants"), RSUI Indemnity Company ("RSUI"), and General Star.  Dkt. 1, Ex. A.

In brief, the MTA and the NYCTA alleged that their contracts with Steers and Wenger had required the two construction companies to procure insurance for the construction work at 161st Street and to name the MTA and the NYCTA as additionally insured parties on the insurance policies.  The MTA and the NYCTA further alleged that Wenger acquired liability insurance from USF&G and excess liability insurance from the Ace defendants, that Steers acquired liability insurance from RSUI and excess liability insurance from General Star, and that these insurers had issued certificates of insurance that named the MTA and the NYCTA as additionally insured parties.  However, the MTA and the NYCTA claimed, they had long sought coverage from those insurers in connection with the Dyer Action, but the insurers had failed to respond to them.  As a result, the MTA and the NYCTA alleged, the insurers had breached their contracts by failing to defend and indemnify the MTA and the NYCTA in the Dyer Action.  The MTA and the NYCTA sought both a declaratory judgment, to the effect that the insurers owed the MTA and the NYCTA a duty to defend and indemnify in the Dyer Action, and compensatory damages for defendants' alleged breach of contract.

On October 14, 2014, General Star was served with the summons and Complaint from the New York Department of Financial Services.

On October 16, 2014, the MTA and the NYCTA filed an Amended Complaint. They

added, as a defendant, Arrowood Indemnity Company ("Arrowood"), which allegedly had issued

liability insurance to Steers. On October 28, 2014, General Star was served with the amended

summons and Amended Complaint from the New York Department of Financial Services.

### C.        General Star's Notice of Removal

On November 13, 2014, General Star filed a notice of removal to this Court. Dkt. 1. The

basis of the removal was diversity jurisdiction. General Star stated that the MTA and the

NYCTA are each a public benefit corporation conducting business in New York and that all

defendants are foreign companies licensed to issue insurance policies in New York.[2] As to the

amount in controversy, General Star stated that, although the MTA and the NYCTA had not

demanded a specific amount of damages in its Complaint, the amount in controversy necessarily

exceeded $75,000, including because General Star's excess liability policy for Steers is triggered

only by claims in excess of Steers' $1 million primary liability policy (issued by RSUI and

Arrowood).

Relevant here, the notice of removal was filed by General Star only. It did not attach any

writing from any co-defendant indicating consent to or support of removal. In its notice of

removal, however, General Star stated that counsel for co-defendants Arrowood, RSUI, and

USF&G consented to the removal of this action. As to the Ace defendants, General Star stated

that it did not know whether they had been served with either the Complaint or the Amended

Complaint, but that it believed that the Ace defendants did not object to removal of this action.

### D.        The MTA and the NYCTA's Motion to Remand

---

[2] USF&G is a Connecticut company; the Ace defendants are Pennsylvania companies; Arrowood
and General Star are Delaware companies; and RSUI is a New Hampshire company.

On November 19, 2014, the MTA and the NYCTA moved to remand the case to state court, arguing that there had not been complete diversity and that General Star's notice of removal had been untimely.  Dkt. 14 ("Pl. Br.").  On November 20, 2014, the MTA and the NYCTA filed an amended motion to remand.  Dkt. 24 ("Pl. Am. Br.").  On December 3, 2014, General Star filed its opposition to the motion.  Dkt. 30 ("Def. Br.").

On December 9, 2014, the MTA and the NYCTA filed a reply affirmation, abandoning their claim that removal was untimely, but adding two new arguments for remand.  Dkt. 36 ("Pl. Reply Br.").  One was that General Star's notice of removal was deficient because none of General Star's co-defendants had independently communicated their consent to removal. Instead, General Star had merely stated that three of its five co-defendants supported removal. The other was that equitable considerations favored remand.  On December 11, 2014, General Star sought permission to file a surreply to address plaintiffs' new arguments.  Dkt. 39.  On December 22, 2014, the Court granted General Star's request.  Dkt. 44.  On December 30, 2014, General Star filed its surreply.  Dkt. 47 ("Def. Reply Br.").

## II.    Applicable Legal Standards Governing Removal and Remand

"[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending."  28 U.S.C. § 1441(a).  District courts have original jurisdiction over cases "between . . . citizens of different states" where the amount in controversy exceeds $75,000.  *Id.* § 1332(a).  Diversity jurisdiction under § 1332(a) "requires complete diversity between all plaintiffs and defendants."  *Pampillonia v. RJR Nabisco Inc.*, 138 F.3d 459, 460 (2d Cir. 1998). On a motion to remand, "the defendant bears the burden of demonstrating the propriety of

removal." *Cal. Pub. Employees' Ret. Sys. v. Worldcom, Inc.*, 368 F.3d 86, 100 (2d Cir. 2004) (citation omitted).

### III.    Discussion

In seeking remand, the MTA and the NYCTA at first argued that General Star's removal was untimely and that the parties are not diverse.  *See* Pl. Br. 5–7; Pl. Am. Br. 5–8.  After General Star opposed these arguments, Def. Br. 2–14, the MTA and the NYCTA abandoned their claim of untimely removal, while reiterating their claim of incomplete diversity, Pl. Reply Br. 3–4, and raising two new arguments: that General Star's co-defendants had not independently expressed their consent to removal and that policy considerations justified remand.  *Id.* at 2–5.  General Star counters that the MTA and the NYCTA waived the right to make such arguments, and that, for several reasons, consent of the two Ace defendants was not required.

The Court's judgment is that the MTA and the NYCTA's challenge to General Star's removal on the ground that its co-defendants did not independently consent to removal is meritorious.  On that ground, the Court remands the case to state court without reaching the MTA and the NYCTA's other arguments for remand.

To remove a case to federal court:

[A] Notice of Removal must be filed in accordance with 28 U.S.C. § 1446(a) & (b).  There are only a few requirements: (1) that the Notice be signed in accordance with Rule 11, which requires the signature of at least one attorney of record in his own name; (2) that it contains a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon such defendant or defendants in such action; and (3) that the notice be filed within thirty (30) days of service of summons or complaint.

*Payne v. Overhead Door Corp.*, 172 F. Supp. 2d 475, 476–77 (S.D.N.Y. 2001).

Significant here, courts in the Second Circuit "have consistently interpreted the statute as requiring that *all defendants* consent to removal within the statutory thirty-day period, a requirement known as the 'rule of unanimity.'"  *Pietrangelo v. Alvas Corp.*, 686 F.3d 62, 66 (2d Cir. 2012) (emphasis added) (citing *Beatie & Osborn LLP v. Patriot Scientific Corp.*, 431 F. Supp. 2d 367, 383 (S.D.N.Y. 2006)); *see also Payne*, 172 F. Supp. 2d at 477 ("[T]he removal statute has consistently been interpreted to require that all defendants consent to removal within the thirty day period.") (citing *Berrios v. Our Lady of Mercy Med. Ctr.*, No. 99 Civ. 21 (DLC), 1999 WL 92269, at *2 (S.D.N.Y. Feb. 19, 1999)).

As the Second Circuit has stated, this requirement means that the "remaining defendants must *independently* express their consent to removal."  *Pietrangelo*, 686 F.3d at 66 (emphasis added).  Courts in this Circuit have held that the requirement of independent consent, in turn, requires "that each defendant must submit written consent unambiguously agreeing to removal."  *Payne*, 172 F. Supp. 2d at 477.

The requirement of written consent "serves the policy of insuring the unanimity necessary for removal . . . [and] is consistent with the notion that filing requirements are strictly construed and enforced in favor of remand."  *Miller v. First Sec. Invs., Inc.*, 30 F. Supp. 2d 347, 351 (E.D.N.Y. 1998) (quoting *Henderson v. Holmes*, 920 F. Supp. 1184, 1187 n.2 (D. Kan. 1996)).  Accordingly, "[t]he failure of any defendant to provide its written consent within the thirty-day period constitutes a fatal procedural defect in the removal procedure and warrants a remand of the case."  *In re Vill. of Kiryas Joel, N.Y.*, No. 11 Civ. 8494 (ER), 2012 WL 1059395, at *3 (S.D.N.Y. Mar. 29, 2012) (citing *Thomas & Agnes Carvel Found. v. Carvel*, 736 F. Supp. 2d 730, 740 (S.D.N.Y. 2010)).

In light of the requirement of independent consent, "it is insufficient for a defendant who has not signed the removal petition to merely advise the removing defendant that it consents to removal and that the removing defendant may represent such consent to the Court on its behalf." *Codapro Corp. v. Wilson*, 997 F. Supp. 322, 326 (E.D.N.Y. 1998) (internal quotation marks and citation omitted). Instead, where, as here, "the removing defendant represents to the Court that the other defendants have consented to removal, the rule of unanimity is not satisfied unless the other defendants either sign the notice of removal or subsequently provide the Court with their unambiguous written consent to removal within the thirty-day period." *Kiryas Joel*, 2012 WL 1059395, at *3; *see also Bedminster Fin. Grp., Ltd. v. Umami Sustainable Seafood, Inc.*, No. 12 Civ. 5557 (JPO), 2013 WL 1234958, at *6 (S.D.N.Y. March 26, 2013) (noting "well-settled rule that a defendant must either actually join in a notice of removal or independently express to the Court his or her consent to removal within the thirty-day period").

There are three recognized exceptions to the rule of unanimity. These permit a removing defendant to "forego securing the consent of any co-defendant who: (1) has not been served with service of process at the time the removal petition is filed; (2) is merely [a] nominal or formal part[y]; or (3) is not subject to the removed claim[, which] is a separate and independent claim [from those asserted against the non-consenting defendant] as defined by 28 U.S.C. § 1441(c)." *Heller v. N.Y. City Health & Hosps. Corp.*, No. 09 Civ. 6193 (LTS) (GWG), 2010 WL 481336, at *2 (S.D.N.Y. Feb. 1, 2010).

Measured against these familiar standards, General Star's notice of removal failed the rule of unanimity. None of its five co-defendants signed General Star's notice of removal. And none of these co-defendants (Arrowood, RSUI, USF&G, or the Ace defendants) at any point submitted any writing or took any independent action reporting their consent to removal, or even

8

reporting any position on that issue.  Counsel for each of the co-defendants has appeared in the case, *see* Dkt. 7, 13, 20, 27, 35, and three (Arrowood, RSUI, and USF&G) have taken the trouble to request, on four occasions, extensions of time to respond to plaintiffs' Complaint, *see* Dkt. 9, 22, 29, 42, 45, 49, 57, 61, 62.  The failure of any to express consent to removal was particularly striking after the MTA and the NYCTA had invoked the rule of unanimity as a basis for remand. Indeed, the only basis to intuit that any co-defendant consented to removal is instead General Star's representation to that effect, in its notice of removal, with respect to Arrowood, RSUI, and USF&G.  Under the case law reviewed above, General Star's secondhand representation does not suffice.

Moreover, the time for consent has long passed.  Were a co-defendant now to submit written consent to removal, its submission would come long after the 30-day removal period (which ended November 14, 2014).  It would thus be untimely under the "stringent" rule of unanimity.  *Kleinman v. Ozedemir*, No. 13 Civ. 7530 (JPO), 2014 WL 1327979, at *2 (S.D.N.Y. Apr. 2, 2014); *see also, e.g.*, *Patrick v. Porter-Cable Corp.*, No. 10 Civ. 131 (MRK), 2010 WL 2574121, at *1 (D. Conn. Apr. 1, 2010) (granting motion to remand where non-removing defendant filed a notice of consent to removal after the 30-day removal period).

General Star makes two arguments why its failure to comply with the rule of unanimity is not determinative.  First, in an argument that runs only to two co-defendants, General Star claims that consent to removal of the Ace defendants was not required because (1) they are nominal parties and (2) at the time of removal, General Star could not determine if they would consent. Def. Reply Br. 5–9.  Second, General Star argues, the MTA and the NYCTA waived the right to invoke the rule of unanimity by failing to timely raise it in their opening briefs in support of remand.  *Id.* at 4.  The Court addresses these arguments in turn.

9

As to General Star's arguments directed to the Ace defendants, these arguments, even if successful, would excuse only the lack of express consent from these two co-defendants. They would not excuse the lack of express consent by co-defendants Arrowood, RSUI, and USF&G. In any event, these arguments are unpersuasive.

As to the claim that the Ace defendants are nominal parties, "[a] party is 'nominal' when that party has little or no interest in the outcome of the litigation and 'no cause of action or claim for relief is or could be stated against [it].'" *Novovic v. Greyhound Lines, Inc.*, No. 08 Civ. 3190 (CPS), 2008 WL 5000228, at *3 (S.D.N.Y. Nov. 19, 2008) (alteration in original) (quoting *Still v. DeBuono*, 927 F. Supp. 125, 129 (S.D.N.Y. 1996), *aff'd*, 101 F.3d 888 (2d Cir. 1996)); *see also Saxe, Bacon & Bolan, P.C. v. Martindale-Hubbell, Inc.*, 521 F. Supp. 1046, 1048 (S.D.N.Y. 1981). Thus, in this Circuit, nominal party status has been accorded to an arbitrator whose decision was sought to be vacated, *Sierra v. Bally Total Fitness Corp.*, No. 06 Civ. 1688 (ENV) (MDG), 2007 WL 1028937 (E.D.N.Y. Mar. 30, 2007), a defendant against whom no claim was asserted, *Pacific Westeel Racking Inc.*, 2008 WL 400935, at *3, and a party not in a position to provide the injunctive relief requested by the plaintiff, *Norman v. Cuomo*, 796 F. Supp. 654, 658 (N.D.N.Y. 1992). "The burden of establishing the nominal nature of the non-diverse party is on the party making that claim and doubts are to be resolved in favor of remand." *Nannuzzi v. King*, 660 F. Supp. 1445, 1449 (S.D.N.Y. 1987) (internal quotations, citation, and alterations omitted); *see also Kiryas Joel*, 2012 WL 1059395, at *4 ("On this issue, as with all statutory requirements for removal, any doubts must be resolved against removability and in favor of remand.").

In support of its characterization of the Ace defendants as nominal parties, General Star relies on an email (appended to the MTA and the NYCTA's reply) from a representative from Travelers, the parent company of USF&G, stating that the NYCTA qualifies as an additionally

insured party under the USF&G policy issued to Wenger for the claims asserted in the Dyer Action.  Dkt. 36, Ex. C.  The Travelers email also states that on September 30, 2014, USF&G tendered $1 million, its policy limit, to the Ace defendants, which then provided an additional $1 million from the excess policy to Dyer to settle the underlying tort action.  *Id.*  General Star argues that this email reveals that there can be no bona fide cause of action for breach of contract or declaratory judgment against USF&G because USF&G had already conceded the NYCTA's status as an additionally insured party and tendered its full policy to settle the Dyer Action.  Def. Reply Br. 7.  General Star argues that the NYCTA likewise has no cause of action against the Ace defendants because they, too, participated in settling the Dyer Action.  *Id.* at 8–9.

Whatever the merits of these facts as a substantive defense to the merits, they do not establish that the Ace defendants (and USF&G) are nominal parties.  The Court has not entered judgment for the Ace defendants and USF&G, and no application to do so has been made.  The case is at a preliminary stage.  To be sure, the email in question, on its face, appears to suggest that the Ace defendants and USF&G contributed their policy limits.  But with no discovery having been taken and no motions filed addressed to the merits, the email, in isolation, cannot be treated as conclusively insulating those defendants from the NYCTA's claims.  Other evidence may emerge that causes that email to be viewed in a different light.  The Ace defendants and USF&G are thus in a fundamentally more antagonistic posture vis-à-vis plaintiff NYCTA than the arbitrator in *Sierra*, the claim-free defendant in *Pacific Westeel Racking Inc.*, and the party incapable of providing the requested injunctive relief in *Norman*.

Furthermore, there is another plaintiff in this case—the MTA.  The MTA too seeks a declaratory judgment, to the effect that *all* defendants owe it a duty to defend and indemnify in the Dyer Action.  The MTA also seeks compensatory damages for defendants' alleged breach of

contract in failing to acknowledge the MTA as an additionally insured party under Wenger's insurance policy. The Traveler's email on which General Star relies is silent as to the MTA. Dkt. 36, Ex. C. Although General Star may view the MTA's claim against the Ace defendants and USF&G as tenuous, the MTA's claims against the Ace defendants and USF&G has not been extinguished. There is, against these co-defendants, an undischarged declaratory judgment action. Under these circumstances, the Ace defendants do not qualify as bare nominal parties to this case. Their timely consent to removal was required.

General Star alternatively argues that, at the time of removal, it did not know whether the Ace defendants had been served, and therefore could not determine whether they consented to removal. Def. Reply Br. 6. General Star also notes that, after the motion for remand was made, it spoke with counsel for the Ace defendants ("Ace counsel"), who "expressed indifference" to the removal issue and did not affirmatively oppose removal. *Id.* at 5.

These factors, however, do not avail General Star. They do not implicate any exception to the rule of unanimity. To be sure, there is an exception to that rule where a co-defendant "has not been served with service of process at the time the removal petition is filed." *Heller*, 2010 WL 481336, at *2. But General Star does not so claim: It merely disclaims knowledge as to whether the Ace defendants had been served at the time of removal. "When the removal of an action to federal court is contested, the burden falls squarely upon the removing party to establish its right to a federal forum by competent proof," *Bedminster*, 2013 WL 1234958, at *8 (citing *Stan Winston Creatures, Inc. v. Toys "R" Us, Inc.*, 314 F. Supp. 2d 177, 179 (S.D.N.Y. 2003)); although General Star represents that it has contacted Ace counsel regarding removal, it glaringly fails to represent whether, in fact, the Ace defendants had been served with the Amended

Complaint as of the point of removal.[3]  General Star's silence, in the face of its burden as the proponent of removal, suggests either that it failed to inquire as to this point or that the answer given by the Ace defendants was unhelpful to its cause.

As to Ace counsel's stated "indifference to the ultimate venue," Def. Reply Br. 6, this fact undercuts, rather than supports, General Star's removal.  Under the rule of unanimity, General Star needed express *consent*—not indifference or, as General Star states, "actual non-consent"—from each of its co-defendants.  *Id.*  General Star's account of its conversations with the Ace defendants reinforce that the Ace defendants never supplied such express consent.

In a final argument against remand, General Star argues that the MTA and the NYCTA waived their right to invoke the rule of unanimity by reserving it until their reply, as opposed to in a formal motion pursuant to Local Rule 7.1, which requires the filing of a notice of motion, a memorandum of law in support, and supporting affidavits and exhibits.  General Star is correct to fault the MTA and the NYCTA for non-compliance with these rules—and for failing to argue for remand on this ground in their opening papers.  But this deficiency does not relieve General Star of its burden to justify removal.  It does not establish any exception to the requirement that all defendants expressly consent to removal.  Pivotally, the removing party "bears the burden of demonstrating both the existence of subject-matter jurisdiction *and compliance with the relevant procedural requirements*," including the rule of unanimity.  *Bedminster*, 2013 WL 1234958, at *8 (quoting *St. Vincent's Hosp. of Staten Island v. Taylor*, No. 07 Civ. 967 (ILG) (JO), 2007 WL 2325073, at *2 (E.D.N.Y. Aug. 10, 2007)); *see also Smith v. Kinkead*, No. 03 Civ. 10283 (RWS),

---

[3] "Removal jurisdiction must be strictly construed, both because the federal courts are courts of limited jurisdiction and because removal of a case implicates significant federalism concerns." *In re NASDAQ Market Makers Antitrust Litig.*, 929 F. Supp. 174, 178 (S.D.N.Y. 1996) (citing *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 109 (1941) ("Due regard for the rightful independence of state governments, which should actuate federal courts, requires that they scrupulously confine their own jurisdiction to the precise limits which the statute has defined.")).

2004 WL 728542, at *1 (S.D.N.Y. Apr. 5, 2004) ("The burden is on the removing party to prove that it has met the requirements for removal.") (quoting *Codapro Corp.*, 997 F. Supp. at 325).

Moreover, even if plaintiffs failed to timely or optimally raise the rule of unanimity barrier to removal, the Court would have a duty to assure itself that the prerequisites for federal jurisdiction are met here.  The rule of unanimity advances Congress's goal "of giving deference to a plaintiff's choice of a state forum and of resolving doubts against removal in favor of remand." *Zerafa v. Montefiore Hosp. Housing Co.*, 403 F. Supp. 2d 320, 328 (S.D.N.Y. 2005) (citation omitted); *see also Ell v. S.E.T. Landscape Design, Inc.*, 34 F. Supp. 2d 188, 193 (S.D.N.Y. 1999) (collecting cases).  Accordingly, "[c]ourts have very little discretion—if any— to forgive a failure to comply with the rule of unanimity." *Bedminster*, 2013 WL 1234958, at *5 (quoting *Patrick*, 2010 WL 2574121, at *3).  "There is nothing in the removal statute that suggests that a district court has 'discretion' to overlook or excuse prescribed procedures." *Codapro*, 997 F. Supp. at 325 (quoting *Spillers v. C.R. Tillman*, 959 F. Supp. 364, 368 (S.D. Miss. 1997)); *cf. Smith*, 2004 WL 728542, at * 1 (granting motion to remand where rule of unanimity was first raised in reply brief).

General Star therefore fails to satisfy the rule of unanimity, and to meet its burden of demonstrating that all served defendants consented to removal.  In the absence of such consent, the MTA and the NYCTA's motion to remand must be granted.

**CONCLUSION**

For the foregoing reasons, plaintiffs' motion to remand this case to New York State Supreme Court is granted.  The Clerk of Court is respectfully directed to remand this action to

14

the Supreme Court for the State of New York, Bronx County, to terminate the motion pending at

docket number 21, and to close this case.

SO ORDERED.

*Paul A. Engelmayer*

Paul A. Engelmayer
United States District Judge

Dated: April 14, 2015
       New York, New York

15